**JIAN ZHAO LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 10–537–ag.

United States Court of Appeals, Second Circuit.

Jan. 6, 2010.

Gary J. Yerman, New York, NY, for Petitioner.

Jessica R.C. Malloy, Trial Attorney (Paul Fiorino, Senior Litigation Counsel, Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, on brief) for Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, GUIDO CALABRESI, and GERARD E. LYNCH, Circuit Judges.

**SUMMARY ORDER**

Petitioner Jian Zhao Lin, a native and citizen of the People's Republic of China, was initially granted asylum by Immigration Judge ("IJ") William Van Wyke. The Board of Immigration Appeals ("BIA") reversed. Lin now asks us to vacate that decision, alleging error in the BIA's review of the IJ. We assume the parties' familiarity with the relevant facts and law.

In these circumstances, we review the BIA's decision rather than the IJ's. *See Ming Xia Chen v. Bd. of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006). We examine findings of fact for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. 1252(b)(4)(B). We review *de novo* questions of law and the application of law to fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Lin argues that the BIA gave only lip service to its rule requiring clear-error review of facts, *see* 8 C.F.R. § 1003.1(d)(3)(i), while actually reviewing the IJ's factual findings *de novo.* Lin's appeal raises interesting questions that we need not answer here, because we agree with the BIA that, in Lin's case, insufficient evidence supported the IJ's finding—whether considered factual or legal—that Lin had a well-founded fear of persecution.

As the BIA noted, Lin's claim of a well-founded fear of persecution was predicated "on a series of speculative events." The IJ determined that Lin could face persecution if Chinese authorities (1) detain him upon entry, (2) discover his background and family, (3) elicit his opposition to the policies of China through interrogation, and (4) subject him to prolonged detention and physical abuse. The BIA, without disputing that such a chain of events might be possible, found the possibility too remote to suffice without more specific evidence.

We agree. Indeed, we have similarly rejected a fear of persecution that is "speculative at best" as grounds for asylum. *Jian Xing Huang v. U.S. Immigration & Naturalization Serv.*, 421 F.3d 125, 129 (2d Cir.2005).

We also agree with the BIA that the one piece of specific, concrete evidence that Lin offered to show the possibility of his persecution cannot support the weight he places on it. Lin testified that his brother was detained for one week after returning to China from Thailand, and was beaten during his detention. The BIA correctly concluded that this testimony—which included no account of who beat the brother and why—does not provide "sufficient detail to determine the circumstances of [Lin's] brother's return ... and whether [the brother] was similarly situated to [Lin]." Such testimony "would not be probative even if believed because [Lin] omitted any evidence that might bear on whether [Lin] might be in similar circumstances" to the brother. *Id.*; *see also Marta Brigida Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (upholding rejection of asylum claim where petitioner presented no direct evidence of the circumstances surrounding uncle's death). We therefore find that, whatever standard of review the BIA did apply or should have applied, its decision to reverse the IJ was correct.

For essentially the same reasons, we also hold that substantial evidence supports the BIA's finding that Lin is not eligible for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lin's pending motion for a stay of removal is DISMISSED as moot.